| | |
|---|---|
| 1 | BRIAN J. STRETCH (CABN 163973)<br>United States Attorney |
| 2 | |
| 3 | BARBARA J. VALLIERE (DCBN 439353)<br>Chief, Criminal Division |
| 4 | DAMALI A. TAYLOR (CABN 262489)<br>WILLIAM FRENTZEN (LABN 24421) |
| 5 | Assistant United States Attorney |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 7 | Telephone: (415) 436-6401<br>FAX: (415) 436-6753 |
| 8 | damali.taylor@usdoj.gov; william.frentzen@usdoj.gov |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARCUS ETIENNE,<br>    Defendant. | CASE NO. 16-MJ-71663<br><br>[~~PROPOSED~~] ORDER DETAINING DEFENDANT MARCUS ETIENNE PENDING TRIAL<br><br>Court: Hon. Sallie Kim |

Defendant MARCUS ETIENNE has been charged via Complaint with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). The defendant was initially arrested and advised of the charges against him in the Western District of Louisiana, where he was ordered detained. After he was transported to this District, the United States again moved for detention. The defendant, represented by Darryl Stallworth, Esq., requested a detention hearing. On January 25, 2017 and February 1, 2017, this Court heard the arguments of the parties. Mr. Etienne was present, in custody, and represented by counsel. The Court also received the memorandum filed by the government in support of the defendant's detention. *See* Docket No. 15. Following the February 1, 2017 hearing, pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services recommendation of detention, the arguments of the parties, the Complaint filed in this case, and the factors set forth in 18

[PROPOSED] DETENTION ORDER

U.S.C. § 3142(g), the Court ordered defendant detained. The Court found that, by clear and convincing evidence, no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person and the community. *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Court also found by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence in court. *Id*.

The Court noted the following: 1) the defendant's chronic history of failures to appear, 2) the defendant's prior criminal history, including his conviction for battery on a police officer; 3) the defendant's access to substantial amounts of cash, coupled with his lack of stable employment; 4) the threats made by the defendant to kill his sister-in-law; and 5) the defendant's efforts to destroy evidence, and thereby obstruct justice, following his arrest in the instant case.

### **ORDER**

The defendant is ordered detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person and the community, and no condition or combination of conditions will reasonably assure the defendant's presence in court. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. *See* 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. *See* 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: February 2, 2017

_____
HON. SALLIE KIM
United States Magistrate Judge

[PROPOSED] DETENTION ORDER