IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARCUS ETIENNE, ELIZABETH GOBERT, CRAIG MARSHALL, and MARIO ROBINSON<br><br>    Defendants. | No. CR 17-00093 WHA<br><br>**TENTATIVE SCHEDULING ORDER (SUBJECT TO DISCUSSION AT TOMORROW'S CONFERENCE)** |

The Court asks for comment on the following tentative scheduling order:

Any grounds for recusal or motion to disqualify must be given or made by **DECEMBER 7, 2017.**

All motions to dismiss or to sever based on the face of the operative indictment or any other motion based on the face of the operative indictment, or motions to transfer, must be filed by **DECEMBER 14, 2017.**

All Rule 8 motions, motions for bills of particulars, or motions for discovery of jury-composition records must be filed by **JANUARY 4, 2018.**

Any motion by the government to keep secret the names and identities of civilian witnesses, who otherwise shall be disclosed as set forth hereafter, must be filed by **JANUARY 4, 2018.** Any such motion must be specific as to the risks and reasons by individual witness and may be under seal and *ex parte*. Abbreviated memoranda and declarations must be served on

defense counsel allowing them to at least know the themes advanced under seal and *ex parte*. The submissions must address whether a protective order restricting use of the information would suffice.

A status conference and hearing on any motion filed by January 4 is hereby set for **ONE P.M. ON JANUARY 16, 2018.**

By **JANUARY 23, 2018**, all materials required under Rule 16 to be produced by the government must be produced to any defendant that has made a written Rule 16 request. Any defense request under any aspect of Rule 16 must be made in writing and no later than **JANUARY 4, 2018**. All such Rule 16 materials acquired after January 23 by the government or any of its agents subject to Rule 16 must be produced within **FOURTEEN CALENDAR DAYS** of receipt or acquisition by government counsel or its agent (but, again, only to a defendant who has made a timely written request). Failure to so produce will preclude use of any such evidence by the government (other than for impeachment or rebuttal). As to any such Rule 16 material produced after January 23, the burden shall be on the government to demonstrate compliance with the fourteen-day exception.

All motions to suppress must be filed by **FEBRUARY 1, 2018.**

All motions alleging any defect in instituting the prosecution, motions for disclosure of informants, or motions alleging selective prosecution must be filed by **FEBRUARY 1, 2018.**

All motions to sever not based principally on the face of the indictment must be filed by **MARCH 1, 2018.**

By **MARCH 22, 2018**, all government expert reports and summaries shall be produced to defense counsel.

By **APRIL 12, 2018**, the government must provide a trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses except to the extent a prior court order has allowed a postponement of such disclosure. By the same date, the government shall have produced all *Brady-Giglio* material unless allowed by prior order to postpone specific items for reasons of civilian witness security or for other good cause.

By **APRIL 12, 2018**, all Rule 16 *defense* reciprocal disclosures, including expert reports and summaries, must be produced to the government and all Rule 12.1 and 12.2 defense notices must be given, if any. All rebuttal expert reports and summaries by the government shall be due **SEVEN CALENDAR DAYS** before the final pretrial conference. Any mental examinations shall occur on a schedule to be set by motion.

By **APRIL 12, 2018**, all translations or transcripts of conversations or statements to be shown to the jury must be provided to defendants and any motions directed to their accuracy shall be heard at the final pretrial conference.

All *Daubert* or other motions directed at government reports must be filed by **APRIL 12, 2018**. All motions will be heard fourteen days after the motion is filed.

On **MAY 2, 2018**, the final pretrial conference shall be held at **EIGHT A.M.** All motions for the final pretrial conference shall be due **FOURTEEN CALENDAR DAYS** before the conference with oppositions due seven calendar days before the conference.

For the final pretrial conference, defendants and the government must file any motions *in limine* as well as any of the following:

1. Motions to exclude co-conspirator statements.
2. Government *Daubert* motions or other motions directed at defense experts.
3. Motions to exclude/include Rule 404(b) acts; to tee this up, the government must disclose all proposed Rule 404(b) material **35 CALENDAR DAYS** before the final pretrial conference, and any motion to exclude must be filed fourteen calendar days before the final pretrial conference.
4. Motions directed at the accuracy of transcripts of recordings to be shown to the jury.

On **MAY 7, 2018**, trial shall commence at **7:30 A.M.** with jury selection.

Assuming that some of the defendants are severed, a second trial date is hereby set for **7:30 A.M. ON JULY 9, 2018.** All defendants, however, must be prepared to go to trial on the May 7 trial date.

Unless it covers all defendants, no Rule 11(c)(1)(C) plea agreement will be accepted within two months of the final pretrial conference. Open pleas, however, will be allowed at any time.

**IT IS SO ORDERED.**

Dated: November 13, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE