IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MARCUS ETIENNE, ELIZABETH GOBERT, CRAIG MARSHALL, and MARIO ROBINSON

    Defendants.

No. CR 17-00093 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR BILL OF PARTICULARS**

## INTRODUCTION

In this prosecution under the Racketeer Influenced and Corrupt Organizations Act, the Violent Crimes in Aid of Racketeering Act, and other penal statutes, defendants move for a bill of particulars. For the reasons explained below, the motions are **GRANTED IN PART AND DENIED IN PART.**

## STATEMENT

In August 2017, a federal grand jury returned a superceding indictment against defendants Marcus Etienne, Elizabeth Gobert, Craig Marshall and Mario Robinson, charging six counts. According to the ten-page superceding indictment, defendants were members of the "Etienne Enterprise," a criminal organization based in Louisiana. The superceding indictment charges defendants with a drug conspiracy (Count One), murder during a narcotics offense

(Count Two), use/possession of a firearm (Count Three), a RICO conspiracy (Count Four), murder in aid of racketeering (Count Five), and conspiracy to commit murder in aid of racketeering (Count Six) (Dkt. No. 37).

Defendants each move for a bill of particulars. Robinson moves to join the motion brought by Marshall, and Etienne moves to join the motions brought by Robinson and Marshall (Dkt. Nos. 85–90).

**ANALYSIS**

FRCrP 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Whether to grant a request for a bill of particulars is within the trial court's discretion. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Our court of appeals has explained that a bill of particulars serves three functions: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).

A bill of particulars should be limited to those purposes: "[a] defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). Furthermore, the government may add clarity to the allegations via discovery, and full discovery which reveals the government's theory of the case "obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

Each defendant submitted a list of information that they want the government to provide. To the extent now stated, the government will be ordered to provide a limited bill of particulars. The motions will otherwise be **DENIED**.

1. **COUNT ONE.**

Count One of the superseding indictment charges all defendants with conspiring to distribute and possess with the intent to distribute 100 kilograms or more of marijuana in violation of Sections 846, 841(a)(1) and 841(b)(1)(B) of Title 21 of the United States Code. Robinson, Etienne, and Gobert seek information as to when each defendant is alleged to have

2

joined the conspiracy and where (other than the Northern District of California) the conspiracy is alleged to have taken place. Gobert's motion sets forth an additional eight requests for particulars with respect to Count One, including the identification of co-conspirators and specific overt acts.

The government has represented that it will proceed to trial with a *Pinkerton* theory of liability as to all substantive charges (Dkt. No. 94 at 13). Under the *Pinkerton* doctrine, once a defendant joins a conspiracy, he or she is potentially liable for the criminal actions of *other* defendants in furtherance of the conspiracy, even those in which he or she did not directly participate. *Pinkerton v. United States*, 328 U.S. 640 (1946). Accordingly, without knowing when they are each alleged to have joined the drug conspiracy, defendants cannot know the universe of conduct against which they must prepare a defense.

The government, therefore, shall provide the defense with a bill of particulars clarifying the earliest known date at which each defendant charged in Count One was participating in the conspiracy, without prejudice to the government later proving a different date based on evidence later acquired. The government shall also provide a bill of particulars clarifying the jurisdictions beyond the Northern District of California in which the defendants are alleged to have conspired. Contrary to the government, providing this information does not amount to a "detailed disclosure" of the government's evidence or trial strategy.

With the above-described exceptions, however, the allegations as to Count One are adequate. Gobert's "request for the 'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *Giese*, 597 F.2d at 1181. Moreover, our court of appeals has explained that a bill of particulars is not warranted to obtain the names of unknown co-conspirators, the exact nature of overt acts, or the precise timing of the alleged conspiracy. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985). With the exceptions already noted, defendants' requests as to this count are accordingly **DENIED**.

### 2. COUNT TWO.

Count Two charges Marshall, Robinson, and Etienne with a violation of Section 848(e)(1)(A), murder during a narcotics offense. The superceding indictment alleges Marshall, Robinson, and Etienne did "kill and counsel, command, induce, procure, and cause the intentional killing of T.T., and such killing occurred on March 22, 2016" (Dkt. No. 37 ¶ 2). This is insufficient information from which to prepare a defense. *United States v. Williams*, No. 13-cr-00764, 2015 WL 3830515, at *2 (N.D. Cal. June 19, 2015) (Judge William Orrick); *United States v. Alvarez*, No. 14-cr-00120, 2014 WL 7240670, at *3 (N.D. Cal. Dec. 19, 2014) (Judge Nathanael Cousins).

Defendants' motions as to Count Two are **GRANTED IN PART**. The government must provide a bill of particulars specifying its factual theory of prosecution as to each defendant named in this count. Contrary to the government, disclosure of the government's factual theory of the case is one of the primary purposes of a bill of particulars. *Ryland*, 806 F.2d at 942. The government must specify whether each defendant is charged as a principal or as an aider and abettor (or both). If any defendant is charged as a principal, the government must specify the variant (or variants) of principal liability on which the government will rely. If any defendant is charged with aiding and abetting others who actually killed the victim, the government should identify those accomplices. If known, the government must also identify the person who killed the victim.

### 3. COUNT THREE.

With respect to Count Three for violation of Section 924(j) of Title 18 of the United States Code, use/possession of a firearm in furtherance of murder, the superceding indictment alleges that defendants Marshall, Robinson and Etienne "aided and abetted each by the others, and together with others known and unknown to the Grand Jury . . . did use and carry and discharge a firearm" and "caused the death of T.T. by discharging a firearm at T.T." This also fails to provide enough detail to fairly apprise each defendant of the incident of possession or use with which he is being charged.

4

Defendants' motions as to this count are **GRANTED IN PART**. The government must clarify whether each defendant is charged with actual or constructive possession (or both), charged with principal liability or aiding or abetting (or both), and charged with carrying, using, or discharging a firearm. If any defendant is charged with aiding and abetting others, the government must identify those accomplices. The government must also specify, if known, the model of the firearm used.[1]

### 4. COUNT FOUR.

Count Four of the superceding indictment describes the alleged racketeering enterprise, the purpose, means, and methods of the enterprise, the alleged racketeering conspiracy, and the means and methods of that conspiracy. Count Four alleges a "pattern of racketeering activity" consisting of: (1) multiple offenses involving dealing in controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) multiple acts indictable under 18 U.S.C. § 894 (extortionate collection of extensions of credit); (3) multiple acts indictable under 18 U.S.C. § 1956 (money laundering); (4) multiple acts indictable under 18 U.S.C. § 1958 (murder for hire); and (5) multiple acts involving murder in violation of California and Louisiana law. Count Four further alleges that it was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity (Dkt. No. 37 ¶¶ 4–16).

Defendants seek a host of information regarding this count, including:

- When the RICO conspiracy allegedly commenced;
- When the defendants and each known co-conspirator joined the conspiracy;
- The identity of alleged co-conspirators;
- Details regarding the "multiple offenses involving dealing in controlled substances";
- Details regarding the "multiple acts" involving extortionate collection of extensions of credit;

---

[1] The government argues that *United States v. Cerna*, No. 08-cr-0730 WHA, 2009 WL 2998929 (N.D. Cal. Sept. 16, 2009), on which defendants rely, is distinguishable because the Section 924(c) violation charged in that case was connected to the overarching VICAR conspiracy to murder. This order disagrees and finds that disclosure of the weapon's model is necessary to apprise defendants of the incidents of possession or use with which they are charged.

5

- Details regarding the "multiple acts" involving money laundering;
- Details regarding the "multiple acts" involving murder for hire;
- Details regarding the "multiple acts" involving murder, including where they occurred, who committed them, and how they were conducted;
- When each defendant agreed that a conspirator would commit at least two acts of racketeering activity, and with whom he or she allegedly came to this agreement;
- Where the agreement to commit two acts of racketeering activity was formed, and who was present when the agreement was reached; and
- Information regarding the overt acts, statements and events attributable to defendants.

The principles governing requests for a bill of particulars "must be applied with some care when the Government charges criminal offenses under statutes as broad as RICO." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). Indeed, "the wide latitude accorded the prosecution to frame" a RICO charge brings with it "an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Ibid*. Although sufficient in most respects, Count Four is too vague in light of the broad conduct alleged. To the extent described below, defendants' motions as to this count are **GRANTED**.

*First*, for the same reasons explained above in connection with Count One, the government must provide the defense with a bill of particulars clarifying the earliest known date at which each defendant was participating in the RICO conspiracy, without prejudice to the government later proving an even earlier date. The government shall also provide a bill of particulars clarifying the jurisdictions beyond the Northern District of California in which the defendants allegedly conspired.

*Second*, the government must provide more information regarding the racketeering activity alleged in Count Four. To be sure, the superceding indictment puts defendants on notice that they will be required to defend against a conspiracy to distribute marijuana, against the murder of T.T., and/or against a conspiracy to commit the murder of M.R. But for each activity

alleged in paragraph 15, subparagraphs (a)–(e) on which the government will rely in its case-in-chief at trial and which are not otherwise called out in the superceding indictment, the government must identify such activities. This identification requires, to the extent known to the government, disclosure of the following information: (1) a one-sentence description of the event or activities constituting the charged conduct; (2) the persons who participated in the conduct; and (3) the approximate date and location of the conduct. The government must provide this bill of particulars even if clues regarding the acts particularized can be found by searching through discovery.

As explained above, however, the remaining information requested amounts "to a request for complete discovery of the government's evidence." *Giese*, 597 F.2d at 1181. With the exceptions already noted, defendants' requests are therefore **DENIED**.

### 5. COUNT FIVE.

Count Five charges Robinson, Marshall and Etienne with murder in aid of racketeering in violation of Section 1959(a)(1). The superceding indictment alleges that the Etienne Enterprise engaged in racketeering activity and that:

> On or about March 22, 2016, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Etienne Enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in the Etienne Enterprise, an enterprise engaged in racketeering activity, the defendants, [Etienne, Marshall, and Robinson], together with others known and unknown to the Grand Jury, aided and abetted each by the others, did unlawfully, knowingly, and intentionally, and with malice aforethought, commit and cause the murder of T.T., in violation of California Penal Code, Section 187.

As with Count Two, this is insufficient information for defendants to prepare a defense. The government must specify whether each defendant is charged as a principal or as an aider and abettor (or both). If any defendant is charged as a principal, the government must specify the variant (or variants) of principal liability on which the government will rely. If any defendant is charged with aiding and abetting others who actually killed the victim, the government should identify those accomplices. If known, the government must also identify the person who killed the victim.

Defendants seek the following additional information regarding Count Five:

- What consideration was alleged agreed to;
- When the defendants agreed to such consideration, and who specifically agreed; and
- Details regarding the racketeering activities alleged in paragraph 17 of the superceding indictment.

In light of the bill of particulars that the government will be providing as to Count Four, this additional information is not necessary to afford defendants sufficient notice of the conduct charged. Except as described above, defendants' motions as to this count are **DENIED**.

### 6. COUNT SIX.

With respect to Count Six for a violation of Section 1959(a)(5), conspiracy to commit murder in aid of racketeering, defendants Gobert, Etienne, and Robinson seek a bill of particulars concerning the conspiracy alleged in paragraphs 17–20 of the superceding indictment. They request the following information:

- Specification as to when the conspiratorial agreement occurred and when the defendants joined the conspiracy;
- The place or places in which the agreement was reached;
- The persons present at the time and place the agreement was reached;
- The form the alleged agreement took; and
- Identification of all overt acts, statements and events attributable to defendants.

As with the other conspiracy counts, the government shall provide the defense with a bill of particulars clarifying the earliest known date at which the defendants participated in the conspiracy to commit murder, without prejudice to the government later proving an even earlier date. The motion is also **GRANTED** to the extent that the government must provide details of who was present at meetings in which the murder was discussed, when and where such meetings took place, and what each defendant did or said to indicate participation in the conspiracy. For the reasons explained above, defendants' additional requests are **DENIED**.

**CONCLUSION**

Robinson and Etienne's motions for joinder are **GRANTED**. To the extent stated above, defendants' motions for a bill of particulars are **GRANTED**. The motions are otherwise **DENIED**. The government shall provide the above information by **APRIL 6 AT NOON**.

**IT IS SO ORDERED.**

Dated: March 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE