IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS ETIENNE, ELIZABETH GOBERT, CRAIG MARSHALL, and MARIO ROBINSON

Defendants.

No. CR 17-00093 WHA

**ORDER DENYING MOTION TO SEVER**

## INTRODUCTION

In this prosecution under the Racketeer Influenced and Corrupt Organizations Act, the Violent Crimes in Aid of Racketeering Act, and other penal statutes, defendant Mario Robinson moves to sever his trial from his co-defendant. For the reasons below, the motion is **DENIED**.

## STATEMENT

According to the ten-page superseding indictment, defendants Marcus Etienne, Elizabeth Gobert, Craig Marshall, and Mario Robinson were members of the "Etienne Enterprise," a criminal organization that ran a marijuana-trafficking operation from California to Louisiana and Texas. Etienne, Marshall, and Robinson allegedly murdered "T.T." in furtherance of defendants' marijuana trafficking operation (Dkt. No. 37).

The superseding indictment charges six counts: a marijuana trafficking conspiracy (Count One); murder during a narcotics offense (Count Two); use of a firearm during a murder in furtherance of a narcotics offense (Count Three); a RICO conspiracy (Count Four); murder in aid of racketeering (Count Five); and conspiracy to commit murder in aid of racketeering (Count Six). Robinson is charged in all counts except for Count Six, which charges only Etienne and Gobert with conspiring to murder Robinson (*ibid*.).

In a May 2016 interview with law enforcement, Etienne made statements regarding, among other things, marijuana trafficking and his co-defendants. In December 2016, law enforcement officers arrested Etienne and again interviewed him. During that interview, Etienne made additional statements regarding marijuana trafficking and his co-defendants. Robinson now moves to sever his trial from Etienne's. The undersigned judge heard oral argument on the motions in May 2018. At the hearing, the government offered to prepare transcripts of the relevant co-defendant statements and to propose any redactions which would make severance unnecessary. The government completed its submission of those transcripts and proposed redactions in July 2018 (Dkt. Nos. 132, 156, 192). This order accordingly follows full briefing and oral argument.

**ANALYSIS**

**1. JOINDER IS PROPER UNDER FRCRP 8.**

Joinder of the superseding indictment's charges against all defendants is proper under FRCrP 8(b). The rule provides that an indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "The term 'transaction' is interpreted flexibly, and whether a 'series' exists depends on whether there is a 'logical relationship' between the transactions." *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994) (citation omitted). A logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy." *Id.* at 844. Such a logical relationship exists in this case.

As an initial matter, and contrary to Robinson's argument, there is a temporal overlap between the charged conspiracies. True, the murder conspiracy alleged in Count Six began after

2

the marijuana-trafficking conspiracy charged in Count One had already ended. Importantly, however, the overarching RICO conspiracy alleged in Count Four overlaps with both the murder conspiracy *and* the marijuana-trafficking conspiracy. Moreover, both conspiracies are tied to the alleged Etienne Enterprise. Accordingly, even if certain statements by Robinson's co-defendants would be inadmissible against him at trial, overlapping evidence as to the existence and activities of the Etienne Enterprise would still be used to prove the RICO conspiracy in Count Four and the murder conspiracy in Count Six. In such a case, joinder is proper. *Ibid*.

### 2. NO SEVERANCE UNDER FRCRP 14.

Robinson also seeks severance pursuant to FRCrP 14. Generally, defendants jointly charged are jointly tried. So too in conspiracy cases. *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). FRCrP 14 provides that a district court, in its discretion, may grant a severance when it appears that a joint trial would prejudice a defendant. Severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

#### A. *Bruton* Rule.

A defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a non-testifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton v. United States*, 391 U.S. 123, 136–37 (1968). The Supreme Court explained:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial.

*Id.* at 135–36 (citations omitted).

In *Richardson v. Marsh*, 481 U.S. 200, 201 (1987), the Supreme Court held that when a confession is "not incriminating on its face," but becomes so "only when linked with evidence introduced later at trial," *Bruton* does not apply. Accordingly, no *Bruton* violation results where a non-testifying co-defendant's confession is "redacted to eliminate not only the defendant's

3

name, but any reference to his or her existence." *Id.* at 211. Redactions may also be appropriate where they do not lead to the inference that a specific person was named and the identity of that person protected. *Gray v. Maryland*, 523 U.S. 185, 196 (1998).

Pursuant to FRCrP 14(b), an April 2018 order directed the government to submit any defendant's statement that the government intended to use against Robinson. The Court has reviewed the statements submitted by the government and concludes that any facially incriminating statements can be adequately redacted to avoid *Bruton* issues. The jury will also be given an appropriate instruction. Contrary to Robinson, *Bruton* is not implicated merely because the statements indicate the charged conspiracy existed and operated in the manner alleged by the government. Rather, a confession implicates *Bruton* where it is "incriminating on its face," not where the confession becomes incriminating with respect to the defendant "only when linked with evidence introduced later at trial." *Richardson,* 481 U.S. at 208.

Finally, Robinson's *Crawford* argument is rejected. A properly redacted confession of a non-testifying co-defendant does not raise a *Crawford* problem because the co-defendant's statement is not offered against the defendant, but only against the co-defendant. *United States v. Johnson*, 297 F.3d 845, 856 n.4 (9th Cir. 2002).

### B. No Spillover Prejudice.

In assessing the prejudice to a defendant from the "spillover" of incriminating evidence, "the primary consideration is whether 'the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (citation omitted). Proper jury instructions are generally sufficient to minimize any prejudice from the spillover effect. *Ibid*. This order disagrees with Robinson that he will be impermissibly tainted in the eyes of the jury if he is tried in connection with the murder conspiracy in Count Six. Any prejudice resulting from evidence of Etienne and Gobert's plot to murder Robinson can be accommodated by appropriate limiting instructions. In addition, trying defendants jointly will save time and resources.

4

**CONCLUSION**

For the reasons above, Robinson's motion to sever is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE