IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS ETIENNE, ELIZABETH GOBERT, CRAIG MARSHALL, and MARIO ROBINSON

Defendants.

No. CR 17-00093 WHA

**ORDER RE MOTION TO COMPEL**

## INTRODUCTION

In this prosecution under the Racketeer Influenced and Corrupt Organizations Act, the Violent Crimes in Aid of Racketeering Act, and other penal statutes, defendants move to compel the disclosure of certain evidence. For the reasons below, the motion is **DENIED**.

## STATEMENT

According to the ten-page superseding indictment, defendants Marcus Etienne and Mario Robinson were members of the "Etienne Enterprise," a criminal organization that ran a marijuana-trafficking operation from California to Louisiana and Texas. In March 2016, defendants allegedly murdered Trice Thibodeaux ("T.T.") in furtherance of their marijuana-trafficking operation (Dkt. No. 37).

In September 2018, litigation ensued in this case regarding Etienne's subpoena to the Oakland Police Department. Throughout that litigation, the government argued that Etienne sought to use Rule 17(c) as an end-run around the discovery rules. The government invited

defense counsel to instead "meet and confer if they have additional requests" and asked for an order quashing the subpoena so that the parties "could pursue a normal discovery proceeding under Rule 16, under which the defense would have to meet and confer with us so we could avoid coming back for multiple hearings." After the defense attempted to take the government up on this offer, the parties' attempts to convene for a telephone conference fell apart. A week later, defendants filed the instant motion to compel (Dkt. Nos. 230, 270 at 39:18–23, 280 at 4:14–18, 296). This order follows full briefing and oral argument.

**ANALYSIS**

1. **RULE 16.**

Subject to certain exceptions, Rule 16(a)(1)(E) requires the government to provide, upon a defendant's request, information that is "within the government's possession, custody, or control" and "material to preparing the defense." Defendants' motion to compel includes a seven-page chart of "items and information" requested from the government. Some of these requests arguably seek documentary evidence that falls within the scope of Rule 16(a)(1)(E). Also included in the chart, however, are certain "requests for information" that amount to questions regarding the scope of the government's *Brady* obligations and whether or not the government possesses certain documents. While defendants may be correct that responses to these questions could avoid unnecessary motion practice, neither Rule 16 nor *Brady* obligates the government to answer these questions. To the extent defendants move to compel answers to these questions, the motion is **DENIED**. As to the remaining evidentiary items raised in defendants' motion, counsel for the parties shall meet and confer by **DECEMBER 21**, following which defendants may renew their motion with respect to any outstanding issues.

2. ***BRADY*.**

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S.

419, 437 (1995). The operative scheduling order provides for the government's disclosure of *Brady-Giglio* material by December 21 (Dkt. No. 215). In opposing the instant motion, the government represents that it understands its *Brady* obligations and that (with the exception of Jencks Act statements) it has turned over all information it recognizes to be exculpatory (Dkt. No. 315). The undersigned will accordingly not order the government to produce *Brady* material within its possession, but does make two observations.

*First*, in his opposition papers and meet-and-confer correspondence, government counsel argues that the defense has not provided a basis as to why certain requests constitute *Brady* material. This order disagrees. Defense counsel's meet-and-confer correspondence clearly explains that counsel seeks categories of information which would tend to prove "suspect T.T.'s" participation in the homicide to establish a third-party culpability defense. Defense counsel's correspondence also explains counsel's belief that information within the government's possession tends to prove that Etienne was not a "shot-caller" who could have "green-lighted" the murder of T.T. These explanations sufficiently afford the government notice of the types of exculpatory materials requested. *Second*, the government's opposition brief does not respond to defendants' argument that the government should be compelled to locate and disclose all *Brady* material in the possession of OPD given the central role OPD officers played in the investigation of this case. By **DECEMBER 21**, the government shall file a supplemental brief, not to exceed five pages, addressing this specific issue.

## CONCLUSION

For the foregoing reasons, the motion to compel is **DENIED**. With the guidance provided in this and prior orders, counsel for all parties shall meet and confer regarding the issues raised in defendants' motion by **DECEMBER 21**. Following that meet and confer, defendants may renew their motion as to any disputes that remain.

**IT IS SO ORDERED.**

Dated: December 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3