IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS ETIENNE, ELIZABETH GOBERT, CRAIG MARSHALL, and MARIO ROBINSON

    Defendants.

No. CR 17-00093 WHA

**ORDER RE MOTION FOR SANCTIONS**

**INTRODUCTION**

In this prosecution under the Racketeer Influenced and Corrupt Organizations Act, the Violent Crimes in Aid of Racketeering Act, and other penal statutes, defendant moves to exclude certain recorded statements from introduction at trial. For the reasons below, the motion is **DENIED**.

**STATEMENT**

According to the ten-page superseding indictment, defendant Mario Robinson was a member of the "Etienne Enterprise," a criminal organization that ran a marijuana-trafficking operation from California to Louisiana and Texas. In March 2016, Robinson, along with certain of his co-defendants, allegedly murdered Trice Thibodeaux ("T.T.") in furtherance of their marijuana-trafficking operation (Dkt. No. 37). In the days following the murder, Sergeant Richard Vass of the Oakland Police Department made a number of recorded telephone calls to Robinson.

In November 2017, a scheduling order set a deadline of February 20, 2018, for the government to produce all materials covered by Rule 16, under penalty of preclusion. The scheduling order further provided that "Rule 16 materials acquired after February 20 by the government or any of its agents subject to Rule 16 must be produced within fourteen calendar days of receipt or acquisition by government counsel or its agent." Robinson timely made a written Rule 16 request in September 2017. The letter requested, among other things, copies of all written or recorded statements of Robinson. Despite this request, the government failed to disclose the recorded telephone calls by the February 2018 deadline (Dkt. Nos. 72, 297).

In September 2018, litigation ensued regarding defendant Marcus Etienne's subpoena to the Oakland Police Department. Throughout that litigation, the government represented to the Court that the subpoena should be quashed because OPD "ha[d] given [the government] everything in their files" (Dkt. Nos. 230, 280 at 25:9–12). This representation was false. Contrary the government's and OPD's repeated assurances, the government did not, in fact, have "everything" in OPD's files. Although government counsel has yet to submit a sworn statement to this effect, the government asserts that during the subpoena litigation it uncovered "several additional items" that OPD had not previously turned over, including the recordings at issue here. The government also claims to have turned over the recordings "within days" of receiving them from OPD (Dkt. No. 314 at 2).

Ultimately, the government produced Robinson's recorded statements on October 26, less than four months before our current trial date. Robinson now moves to exclude those recorded statements from introduction at trial (Dkt. No. 297). This order follows full briefing and oral argument.

**ANALYSIS**

Under Rule 16(a)(1)(B)(i), upon a defendant's request, the government must disclose all relevant recorded statements by the defendant if (1) "the statement is within the government's possession, custody, or control," and (2) "the attorney for the government knows — or through due diligence could know — that the statement exists." Rule 16(d)(2), in turn, provides that if a

party fails to comply with the Rule 16's disclosure requirements, the district court may, among other things "prohibit that party from introducing the undisclosed evidence."

Despite the government's prior representation that it had "everything" in OPD's file, it now claims that the recordings did not come into its "possession, custody, or control" until the government cross-checked its case file with OPD's file during the subpoena litigation. The government further claims that upon gaining possession of the recordings, it turned them over to the defense within days. If true, this order cannot conclude that the government failed to comply with its discovery obligations. And although this order does not condone the government's conduct — one would hope that the government would do the necessary "cross-check" prior to making representations to the Court — Robinson has not shown sufficient prejudice to warrant exclusion. Robinson received the recordings nearly four months before trial and knew of both the existence and content of the phone calls nearly a year before trial. Rule 16 sanctions are therefore unwarranted.

**CONCLUSION**

For the foregoing reasons, the motion for sanctions is **DENIED**, subject to the following condition. The government's assertions in its opposition brief as to the timing of its receipt and disclosure of the recordings are, as of yet, unsubstantiated in the record. By **DECEMBER 21**, the government shall submit a declaration supporting these factual assertions.

**IT IS SO ORDERED.**

Dated: December 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE