IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS ETIENNE, ELIZABETH GOBERT, CRAIG MARSHALL, and MARIO ROBINSON,<br><br>Defendants. | No. CR 17-00093 WHA<br><br>**ORDER RE (1) MOTION TO RESET DEADLINE FOR PRETRIAL MOTIONS; (2) MOTION TO SUPPRESS MAY 2016 SEARCH; AND (3) FEBRUARY 20 EVIDENTIARY HEARING** |

### INTRODUCTION

In this prosecution under RICO, VICAR, and other penal statutes, defendant moves to reset the deadline for pretrial motions and has filed four motions to suppress. For the following reasons, the motion to reset the deadline for pretrial motions is **GRANTED**. Defendant's motion for a *Franks* hearing and to suppress a May 2016 search is **DENIED**. An evidentiary hearing on defendant's remaining motions to suppress is set for **FEBRUARY 20 AT 8:00 A.M.**

### STATEMENT

The background of this action is set forth in prior orders (*see*, *e.g.*, Dkt. No. 302). In brief, the third superseding indictment alleges that defendant Marcus Etienne was a member of the "Etienne Enterprise," a criminal organization that ran a marijuana-trafficking operation from California to Louisiana and Texas. In March 2016, Etienne, along with certain of his co-

defendants, allegedly murdered Trice Thibodeaux ("T.T.") in furtherance of their marijuana-trafficking operation (Dkt. No. 336).

The original scheduling order in this case set a deadline of March 1, 2018, to file motions to suppress. Subsequent orders extended this deadline to April 6, 2018. On April 6, Etienne (through then-retained attorneys Charles Woodson and Darryl Stallworth) moved to suppress the fruits of traffic stops that occurred on May 12, 2016, and December 13, 2016. That motion was denied. Now represented by new counsel, Etienne moves to reset the deadline for pretrial motions to suppress pursuant to Rule 12(c)(2). Etienne has also filed four new motions to suppress (Dkt. Nos. 129, 166–67, 288, 304–10). This order follows briefing and oral argument.

**ANALYSIS**

**1. MOTION TO RESET DEADLINE FOR PRETRIAL MOTIONS.**

At the Court's direction, Etienne has submitted declarations from his former and current counsel explaining why they did not file the late motions to suppress sooner. Moreover, in December 2018, the government filed a third superseding indictment naming a new defendant and adding new charges against Etienne. As a result, our trial date and other pre-trial deadlines have been vacated and have yet to be reset. Given these developments, the late motions to suppress no longer run the risk of disrupting this action's scheduling order. Etienne's motion to reset the deadline for pretrial motions is accordingly **GRANTED**.

**2. MOTION TO SUPPRESS SEARCH OF HOME ON MAY 12, 2016.**

Etienne has moved for a *Franks* hearing to determine whether the affidavit in support of a May 2016 search warrant contained deliberate or reckless material omissions regarding its description of an interrogation of Elizabeth Gobert, Etienne's wife (Dkt. No. 308). The search warrant authorized the search of Gobert's home in Opelousas, Louisiana. The affidavit in support of the search warrant application, authored by Detective Chris David of the St. Landry Parish Sheriff's Office, stated the following (Dkt. No. 308-2):

> During the afternoon hours of May 12, 2016, Detective Chris David with the St. Landry Parish Sheriff's Office and TFC Dustin Guidroz with the Louisiana State Police conducted a voluntary interview with Elizabeth Ann Gobert at the St. Landry Parish Sheriff's Office. The interview was conducted following an investigation conducted by St. Landry Parish Sheriff's Office Narcotics Team in reference to Marcus Etienne being involved in illegal drug trafficking.
>
> Detective Brandon Dugas received information today, from a credible source of information, who stated while he was speaking to Etienne, he smelled what he knew to be Marijuana emitting from an object which came from within Etienne's vehicle. Detective Dugas obtained a description of that vehicle. Detectives later observed Etienne at his known residence located at 6*** Hwy 31 in Opelousas, LA. Detectives observed Etienne meet with >>>> black males in the driveway of his (Etienne's) home. Detectives observed Etienne and a black female drive away from the home shortly after.
>
> Detective Logan Kartchner conducted a probable cause traffic stop on the target vehicle. During the traffic stop, Detective Kartchner located approximately $10,000 in U.S. currency, suspected Codeine mixed in a flavored drink and multiple cellular telephones.
>
> TFC Guidroz advised Gobert of her Rights per Miranda via Waiver of Rights Form. Gobert stated she understood her rights and wished to speak to us without legal counsel present. During conversation with Gobert, she stated she recently smoked Marijuana inside her home, specifically her bedroom. Gobert continued to say there was additional Marijuana inside the home. Gobert also said she observed "vape pens" with what she believed to be liquid Marijuana inside the home.

Etienne argues that Detective David's statement that "Gobert continued to say there was additional Marijuana inside her home" was misleading given the omission that Gobert admitted, after several denials, only to having marijuana "residue." Maybe so. But even if Detective David did intentionally or recklessly omit that Gobert claimed to possess only a minuscule amount of marijuana in her home, Etienne is not entitled to a *Franks* hearing.

Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). While Detective David's purported omission concerning the amount of marijuana in Gobert's home may have undercut probable cause to believe that evidence of drug *trafficking* would be found, the warrant was not so limited. Rather, Detective David's affidavit asserted that probable cause existed to believe that, among other things, "illegal drugs" and "drug paraphernalia" would be

3

found in the home (Dkt. No. 308-2 at 5). Accordingly, even supplemented with the claimed omissions, the affidavit would sufficiently support a finding of probable cause to search.

Etienne also argues that the search warrant affidavit relied on the uncorroborated and unreliable statements of a confidential informant who purportedly smelled marijuana emitting from Etienne's vehicle. The government responds that this information was included merely as "history" of the traffic stop and Gobert's subsequent interview and therefore was not relied upon to establish probable cause. In any event, even with the informant's statements excised from the affidavit, what remains — namely, the circumstances of the traffic stop and Gobert's statements regarding her personal use of marijuana and possession of "residue" — would still support a finding of probable cause to search for illegal drugs and drug paraphernalia in the home.

Finally, because this order concludes that the search warrant and subsequent search of Gobert's home was valid, it need not reach the government's argument that Etienne failed to establish his standing to challenge the search. The motion for a *Franks* hearing and to suppress the evidence seized during the search of Gobert's home on May 12, 2016, is **DENIED**.

### 3. REMAINING MOTIONS TO SUPPRESS.

"Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court." *United States v. Wardlow*, 951 F.2d 1115, 1116 (9th Cir. 1991) (quoting *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)). An evidentiary hearing is appropriate in order to resolve the issues raised in Etienne's remaining motions to suppress. With respect to Etienne's motion to suppress the December 6, 2016, search of his phones, the Court is particularly interested in the government's argument that any defect in the warrant was cured by the warrant's incorporation of the accompanying affidavit. An evidentiary hearing on the motions was previously set for **FEBRUARY 20 AT 8:00 A.M.** If needed, an additional evidentiary hearing will take place on **MARCH 4 AT 8:00 A.M.**

### CONCLUSION

For the foregoing reasons, Etienne's motion to reset the deadlines for pretrial motions is **GRANTED**. His motion for a *Franks* hearing and to suppress the May 2016 search of Gobert's home is **DENIED**. An evidentiary hearing on Etienne's remaining motions to suppress will be

4

held on **FEBRUARY 20 AT 8:00 A.M.** If needed, an additional evidentiary hearing will take place on **MARCH 4 AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: February 5, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE